BOARD OF PHARMACY OF THE STATE OF NEW JERSEY, APPELLEE, v. ISADOR BRAUNSTEIN, APPELLANT.

Submitted March 20, 1924—Decided May 29, 1924.

**Statutes—Title of Pharmacy Act—Is it Broad Enough to Make a Single Sale of Tincture of Iodine by a Grocer a Violation —Judgment Against Defendant Affirmed.**

On appeal from the District Court.

Before Justices KALISCH, KATZENBACH and LLOYD.

For the appellant, *Spaulding Frazer.*

For the respondent, *Grover C. Richman.*

PER CURIAM.

Counsel for the appellant in this case has tersely stated in his brief that there is but one question to be submitted to the court: Is the title of the act entitled ".An act to regulate the practice of pharmacy in this state," broad enough to include as a violation of the provisions of the body of the act a single sale of tincture of iodine by a grocer who is not a registered pharmacist? Judgment was rendered by the First District Court of Newark against the defendant and in favor of the board of pharmacy for $100, being the penalty provided by section 2 of the act in question. To this ruling an exception was taken, and it is here for review in this court.

The precise point raised by the defendant is that the title of the act, being one to regulate the practice of pharmacy in this state, is not sufficiently broad to cover an individual sale by one who is not a registered pharmacist or registered assistant operating under the immediate supervision of a registered pharmacist. In examining this question it is necessary to consider the legislative purpose in the legislation referred to. That purpose was manifestly to protect the

public from the dangers attendant upon the sale of poisons and powerful drugs to the public without the protection afforded by the skill and qualification necessary to safeguard the public use. In the effort to protect the public an act entitled "An act to regulate the practice of pharmacy" is conceived by the legislature to be the appropriate means to effect such result. The act and its title will therefore be construed most strongly in favor of carrying out the legislative will. While it is true that a single act committed or performed may not be a practice or course of conduct, it is, nevertheless, the doing of a thing which we think is clearly within the meaning and purpose of the legislative scheme. Thus considered, the word "practice" will, necessarily, be construed as meaning and covering the doing of an act which, if left unpunished, would defeat the object of the legislature. It has been held repeatedly in this state that, in dealing with questions like the one under review, the court will look to the legislative purpose, and will respect that purpose if by any reasonable construction the title can be held to embrace the specific thing condemned in the act itself. Such an instance is the case of *Smith* v. *Willetts*, 81 *N. J. L.* 370, where the leasing of oyster beds was sustained under a title of an act regulating and controlling the taking, planting and propagating of oysters.

The question is, after all, whether the public is fairly apprised by the title of an act that the thing done may be reasonably supposed to be within the body of the law. Certainly anyone reading the title of "An act to regulate the practice of pharmacy," meaning the sale of drugs, would instinctively reflect that he should examine it before attempting to make a sale or sales of drugs, individual or collective. The title is notice to the world that the sale of drugs is under regulation, and in the law itself are found the terms and conditions under which such sales may be made, and the terms and conditions under which forbidden. As stated by Mr. Justice Garrison in *Moore* v. *Burdell*, 62 *N. J. L.* 163, "the title of an act is a label, not an index,"

and in *Shultise* v. *O'Neill,* 85 *Id.* 15, Chief Justice Gummere, speaking for this court on the same general subject, says: "The general object of the act being made plain by the title, the legislature may include in the body of it provisions of a multiform character, designed to carry into execution the legislative purpose, which are not inconsistent with, or foreign to, the general object of the act."

We think the court below properly decided against the defendant on his contention and the judgment is affirmed.